UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**     **CASE NO.: 1:04-CR-010-SPM**

**MARCIA THURMAN,**

    **Defendant.**

_____/

**ORDER DENYING MOTION TO CORRECT SENTENCE**

**THIS CAUSE** comes before the Court upon Defendant's "Motion to Correct Sentence" (doc. 441) filed August 29, 2005, in which Defendant argues that she is entitled to 17 days of credit for time served in the Alachua County Detention Center awaiting transport to the Ocala Community Corrections Center to begin serving her 180-day sentence.

    18 U.S.C. § 3585(b) provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed.

Placement in a community corrections center is not incarcerative in nature;

rather, it is simply a condition of Defendant's probation.  Thus, Defendant cannot receive credit toward her stay in the halfway house "because § 3585(b) does not authorize credit to be awarded toward a term of probation, no matter how severe the probationary conditions imposed on the offender."  United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992).

Even if Defendant were incarcerated, a district court is not authorized to calculate credit for time served; instead, such credit must be awarded by the Attorney General through the Bureau of Prisons after sentencing.  Id.  (footnotes omitted).  This requires a defendant to exhaust his administrative remedies through the Bureau of Prisons before seeking judicial intervention.  Id.  Because Defendant is not serving a term of imprisonment, she is not entitled to credit for any time served in detention before being transported to the community corrections center.

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's motion to correct sentence (doc. 441) is hereby *denied*.

**DONE AND ORDERED** this twelfth day of September, 2005.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

/pao